Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Katherine J. Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
Raleigh Dixon (SBN: 340483)
rdixon@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA  90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiff JOSE GAVINA, as an individual and on behalf of all similarly situated employees

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JOSE GAVINA, as an individual and on behalf of all similarly situated employees,<br><br>          Plaintiffs,<br><br>   v.<br><br>AMAZON.COM SERVICES LLC and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Disability Discrimination in Violation of California Government Code § 12940(a);<br>2. Failure to Engage in the Interactive Process in Violation of California Government Code § 12940(n);<br>3. Failure to Accommodate in Violation of California Government Code § 12940 (m);<br>4. Violation of Cal. Bus. & Prof. Code §§ 17200 et seq. (Unfair Business Practices).<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JOSE GAVINA ("Plaintiff"), individually, and on behalf of all others similarly situated, complains and alleges on information and belief as follows:

## INTRODUCTION

1. This is a class action brough on behalf of Plaintiff and the class he seeks to represent ("Plaintiff Class" or "Class Members"). Plaintiff Class consists of all employees currently and/or formerly employed by Defendant Amazon.com Services LLC ("Defendant") in the State of California during the Class Period who are or were disabled and who were denied reasonable accommodations for their disability. The term "Class Period" is defined as four (4) years prior to the filing of the initial complaint in this action through judgment. Plaintiff reserves the right to amend this complaint to reflect a different "Class Period" as further discovery is conducted.

2. Plaintiff, individually, and on behalf of Plaintiff Class, seeks relief against Defendant, for Defendant's practices of violating the California Fair Employment and Housing Act ("FEHA") and California Government Codes, including: (1) Violation of Government Code § 12940(a) for Disability Discrimination; (2) Violation of Government Code § 12940(n) for Failure to Engage in the Interactive Process; (3) Violation of Government Code § 12940(m) for Failure to Provide a Reasonable Accommodation; and (4) Violation of Cal. Bus. & Prof. Code §§ 17200 et seq. for Unfair Business Practices. These violations concern current and past employees of Defendant.

3. At all relevant times herein, Defendant has consistently maintained and enforced against Plaintiff and Plaintiff Class the unlawful practices and policies set forth herein.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28

5.  U.S.C. § 1332(d)(2)(a), Class Action Fairness Act ("CAFA") because Plaintiff and Defendant are citizens of different States. Defendant is a corporation organized and existing under the laws of the State of Delaware and is authorized to do business in California.

6.  This Court has personal jurisdiction over Defendant because it has significant minimum contacts with this State, and intentionally availed itself of the laws of California by transacting a substantial amount of business throughout the State and this District, selling insurance products and operating distribution centers throughout the State of California and employing residents of this district.

7.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) as a substantial part of the events or omissions giving rise to the claims alleged in this action occurred in the Central District.

## THE PARTIES

**Plaintiff**

8.  Plaintiff, Jose Gavina, is a resident of the County of Orange in the State of California, city of Anaheim, and was employed by Defendant in a warehouse position in Eastvale, California, County of Riverside, starting in or around October of 2020 until on or about April 21, 2022. Plaintiff was employed by Defendant within the four (4) years prior to the commencement of this action.

9.  Each of the Plaintiff Class consists of identifiable, current, and/or formerly similarly situated persons who were employed by Defendant in California during the Class Period.

**Defendant**

10.  Plaintiff is informed and believes, and based thereon alleges, that Defendant Amazon.com Services LLC is a Delaware corporation that owns and operates warehouse fulfillment centers and maintains its headquarters in Seattle, Washington, and was the employer of Plaintiff and Plaintiff Class. On information and belief, and based thereon, Plaintiff alleges that Defendant is conducting

business in good standing in California, and at all times herein mentioned has regularly conducted business in the State of California.

11. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief, alleges that said Defendants are legally responsible for the violations alleged herein. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when that information is ascertained.

12. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendant operates as a joint venture and/or single business enterprise, integrated enterprise, and/or are agents of one another, are alter egos, joint employers, and conspire with one another to increase profits by engaging in the conduct described in this complaint.

13. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiff also alleges the acts of each Defendant are legally attributable to the other Defendants.

## ADMINISTRATIVE PREREQUISITES

14. At all times relevant, Defendant regularly employed five (5) or more persons, bringing Defendant within the provisions of Government Code section 12900, et seq. prohibiting employers or their agents from harassing, discriminating

or retaliating against its employees, or from allowing and fostering an environment where fellow employees could harass, discriminate or retaliate against other employees with impunity.

15. Plaintiff has exhausted his administrative remedies by timely filing a complaint of discrimination and retaliation concerning the claims alleged herein with the California Department of Fair Employment and Housing ("DFEH") on April 10, 2023. The DFEH issued a Right-To-Sue Notice on April 10, 2023, authorizing this lawsuit. Plaintiff has therefore exhausted his administrative remedies and timely filed this action within the prescribed period subject to issuance of the Right-To-Sue Notice. Attached hereto as **Exhibit A** is a true and correct copy of the DFEH's April 10, 2023 Right-To-Sue Notice.

## GENERAL ALLEGATIONS

16. Defendant encourages individuals with disabilities to apply to Amazon promising "inclusion" in the hiring process.

**What to expect**

Clear communication with you – it's a priority at Amazon, and with a team of subject matter experts, your specific needs can be addressed. They can offer reasonable accommodations that will enable individuals with disabilities to participate fully and equally in the hiring process.

Source: https://hiring.amazon.com/people-with-disabilities#/Applicants%20and%20Candidates

17. Defendant represents to potential job candidates and the public:

"**Amazon named 'Best Place to Work for Disability Inclusion'**"[1]

18. Plaintiff is informed and believes and thereon alleges that Amazon receives recognition from leading disability rights groups as well as tax benefits

---

[1] https://www.aboutamazon.com/news/workplace/amazon-named-best-place-to-work-for-disability-inclusion-2023.

from the State of California and federal government for recruiting and hiring workers with disabilities.

19. In or around September of 2020, Mr. Gavina attended a job fair held by Defendant. During the interview process at the job fair, Mr. Gavina informed Defendant's representative that he was born with a disability, which is very obvious from the way he walks. Mr. Gavina specifically asked if there were any positions for people with disabilities. Defendant's representative responded that they are a big company and there are many places where Mr. Gavina can work.

20. Mr. Gavina was born with cerebral palsy, a permanent condition which mainly affects his lower body, specifically his back, hips, legs, and feet. Mr. Gavina can only stand and/or walk for thirty-minute intervals and is restricted from frequent lifting and bending.

21. During a subsequent interview, Defendant's representative asked Mr. Gavina if he had experience in Human Resources, and Mr. Gavina confirmed that he did. Defendant's representative then informed Mr. Gavina that they had a position for him, leading Mr. Gavina to believe that the position was in the Human Resources department. Mr. Gavina was not informed of the job title or description.

22. Throughout the interview process, beginning at the job fair and all the way through the subsequent interview, Mr. Gavina repeatedly stated that he had a disability and it was apparent from looking at Mr. Gavina that he suffered from a disability. Throughout the hiring process, Mr. Gavina explained his disability, the physical limitations therefrom, and his knowledge and prior experience. Mr. Gavina was told by Defendant's representative that there would not be any issues with his disability and that, based on his knowledge and experience, he would be placed in the right department and be a good asset to the company. Mr. Gavina had no prior knowledge or experience in warehouse work.

23. On September 21, 2020, Mr. Gavina received an email offering him employment at Amazon. The only reference to job position in the email was "T1".

Mr. Gavina completed the online onboarding process, but does not recall seeing within that paperwork any description of job duties he was to be performing. On or about October 7, 2020, Mr. Gavina reported for his first day of work and learned for the first time that he was being placed in a warehouse position stocking and sorting merchandise. The position required Mr. Gavina to be on his feet for ten-hour shifts walking, bending, and lifting — activities Mr. Gavina had specifically informed Defendant's representative he could not perform due to his disability. Mr. Gavina informed his trainer, who was considered a "leader", as well as several other "leaders", that he could not perform the job due to his disability. One of the leaders told Mr. Gavina that everyone starts in the warehouse and you have to work your way up. Mr. Gavina was never informed of this during the interview process and was instead mislead into believing that he would be working in an office position.

24. Mr. Gavina attempted to work the warehouse position because he needed the income and was concerned about being able to find another job during the pandemic. Also, Mr. Gavina was continually given false hope as the "leaders" repeatedly told Mr. Gavina that they would talk to the manager and look into getting him a different position.

25. Mr. Gavina was able to meet with a manager one time for approximately two or three minutes and the manager told Mr. Gavina he would look into it and "no worries my man, everything will get taken care of."

26. During the time that Mr. Gavina did work in Defendant's warehouse, he observed other positions in which the job was performed while sitting down within the warehouse.

27. Mr. Gavina worked as long as he could, which was about one month. When he was no longer able to stand. Mr. Gavina visited a clinic inside Defendant's warehouse where he was assigned to work. Mr. Gavina was told to fill out paperwork in order to obtain time off. Mr. Gavina completed and submitted paperwork "requesting an accommodation" where he again listed his physical

limitations due to his disability. When Mr. Gavina was denied state disability, Defendant offered to pay him "disability pay" of approximately 55% of his normal forty (40) hour workweek. During this time, he remained an employee of Amazon.

28. Mr. Gavina's last day worked was October 30, 2020, after which time Defendant sent numerous documents extending his "disability" and continuously requested notes from Mr. Gavina's physician confirming that he was still disabled, notwithstanding the fact that Mr. Gavina informed Defendant before he was hired that he had a permanent physical disability.

29. Defendant also asked Mr. Gavina to update his resume and look for other open roles within Defendant's organization. However, this is precisely what Mr. Gavina did when he attended Defendant's job fair, with a current resume, and specifically informed Defendant of the type of work he could and could not perform before he was hired.

30. Defendant's "Accommodations Case Manager" told Mr. Gavina that she would send his resume to other locations and, if they could not find a position for him, Defendant would send Mr. Gavina a termination letter.

31. Defendant discontinued paying Mr. Gavina "disability pay" in April of 2021. Mr. Gavina has not received any communication from Defendant regarding his disability and/or any potential accommodations since July 16, 2021, at which time Defendant asked Mr. Gavina if he had "been able to identify any positions" because they were "coming to an end on the job search."

32. Mr. Gavina continued to receive emails and text messages from Defendant on a near daily basis regarding routine work matters until on or about April 18, 2022. Mr. Gavina is informed and believes that these communications are sent to all employees of the facility to which he was initially assigned. Mr. Gavina also had access to the Amazon employee portal until on or about April 18, 2022.

///

33. On or about April 18, 2022, Mr. Gavina notified Defendant that he is represented by counsel and requested any and all further correspondence be sent to his attorneys. Four days later, on April 22, 2022, Defendant notified Mr. Gavina that his employment was terminated effective April 21, 2022.

34. Mr. Gavina believes that Defendant intentionally hires individuals with disabilities, knowing they cannot perform the job duties of the position in which they are placed, in order to obtain promotion and recognition as an employer who supports individuals with disabilities, government funding and/or tax incentives and subsequently places them on indefinite "disability leave" and ultimately terminates their employment while still reaping the benefits of an employer who hires people with disabilities.

35. Plaintiff is informed and believes Defendant maintains a practice of seeking out disabled applicants in order to gain an advantage by way of tax incentives, goodwill advertising and other benefits with no intention of accommodating disabled employees, keeping them on the payroll as active employees for a certain period of time, forcing a leave of absence and ultimately resulting in their termination or forced resignation.

36. Plaintiff further is informed and believes Defendant that places employees in job positions knowing they are disabled yet fails to offer any meaningful accommodation to keep them working and that this is a common practice.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of himself and all other similarly situated persons, as a class action pursuant to Federal Rules of Civil Procedure Rule 23.

38. Plaintiff's proposed class consists of and is defined as follows: all individuals currently and/or formerly employed by Defendant at a California location and at a time during the period from four years prior to the filing of this

complaint through the date of judgment who notified Defendant they suffered from a disability, were placed on leave of absences and ended while on leave.

39. Plaintiff reserves the right under Federal Rules of Civil Procedure Rule 23, to amend or modify the class description(s) with greater specificity or further division into subclasses or limitation to particular issues.

40. This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and because the proposed class is easily ascertained by Defendant's personnel and payroll records.

### Numerosity

41. The potential members of the class as defined are so numerous that joinder of all class members is impracticable. The precise number of the Plaintiff Class is currently unknown to Plaintiff but Plaintiff is informed and believes there are over 200 class members in California.

### Commonality

42. There are common questions of law and fact arising out of Defendant's conduct, as described herein, including, but not limited to:

    a. Whether Defendant maintained a common practice of hiring and placing disabled individuals in job positions which do not accommodate their disability;

    b. Whether Defendant discriminated against Plaintiff and Class Members based on their disabilities;

    c. Whether Defendant failed, and continues to fail, to engage in the interactive process with Plaintiff and Class Members;

    d. Whether Defendant failed, and continues to fail, to make reasonable accommodations for Plaintiff and Class Members' disabilities; and

    e. Whether Defendant engaged in unfair or unlawful business practices.

### Typicality

43. The claims of the Plaintiff are typical of the claims of the class, all of whom have incurred and/or will incur damages, as a result of Defendant's common course of conduct and common policies and practices. The claims of the Plaintiff are typical because Defendant subjected disabled employees to identical violations of the Government Code and California Business & Professions Code.

**Adequacy of Representation**

44. The Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff's interests are not in conflict with those of the Plaintiff Class. Plaintiff's attorneys are competent, well-versed, and experienced in litigating employment class actions and other complex litigation matters.

**Superiority**

45. Under the facts and circumstances set forth above, a class action is superior to any other method available for both the fair and efficient adjudication of the rights of each Class Member. Joinder of individual and relatively small claims of Class Members is not practical, and if each employee were required to file an individual lawsuit, the corporate defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees fearful of retaliation and permanent damage to their careers at present and/or subsequent employment. Further, the substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendant herein further support class certification.

///

///

///

///

# FIRST CAUSE OF ACTION

**Disability Discrimination in Violation of Government Code § 129409a) et seq.**

**(Plaintiff and Class Members Against All Defendants)**

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47. At all times herein mentioned, Government Code section 12940, subdivision (a), was in full force and effect and binding upon Defendant. This statute, known as the California Fair Employment and Housing Act ("FEHA"), prohibits an employer from discriminating against or discharging an employee due to their physical disability.

48. At all times mentioned herein, Defendant was an employer within the meaning of Government Code §12926, et seq., and therefore were prohibited from discriminating in regards to terms, conditions or privileges of employment on the basis of disability.

49. Plaintiff and Class Members are disabled employees within the meaning of Government Code §12940(a), et seq.

50. Plaintiff and Class Members were subjected to unlawful discrimination based on a disability, including but not limited to, Defendant's placement of newly hired disabled employees in job positions that did not accommodate their disability, forcing employees to take a leave of absence while continuing benefits and reduced pay, failing to meaningfully engage in the interactive process to accommodate Plaintiff's and Class Members' disabilities, and termination of employment primarily based on Plaintiff's and Class Members' disabilities.

51. At all relevant times herein, Defendant became aware of Plaintiff and Class Members' disability during the hiring process. After assuring Plaintiff and Class Members that there would be no issues with their disabilities interfering or conflicting with their job duties Defendant placed Plaintiff and Class Members in

positions Defendant where knew Plaintiff and Class Members would be unable to perform the requisite job duties.

52. Rather than meaningfully engage in the interactive process, Defendant placed Plaintiff and Class Members on "disability leave" and required them to look for other suitable positions. Suggesting that a disabled employee check available job postings "does not satisfy the employer's duty", as it is the employer who "is in a better position than the employee to know what jobs are vacant or may become vacant in the near future to which the employee may be assigned." *Zamora v. Security Industry Specialists, Inc.*, (2021) 71 Cal.App.5th, 1, 42.

53. After months of requesting doctors' notes and putting the onus on Plaintiff and Class Members to find other suitable positions within the company, Defendant ceased all meaningful communication with Plaintiff and Class Members. Plaintiff and Class Members were left on Defendant's payroll but did not receive any communication regarding their disabilities, accommodations, other possible job positions, scheduled work hours, or work assignments. Defendant subsequently terminated the employment of Plaintiff and Class Members.

54. As a direct result of Defendant's disability discrimination, Plaintiff and Class Members have sustained, and will continue to sustain for a period of time, compensatory damages including, but not limited to, loss of income and loss of future earning capacity, all to their damage in an amount according to proof.

55. As a further direct result of Defendant's disability discrimination, Plaintiff and Class Members have sustained, and will continue to sustain for a period of time, severe physical, emotional, and mental pain, suffering, and distress as any reasonable person would, all to their general damage in an amount according to proof. Plaintiff and Class Members are also entitled to reasonable attorney's fees and costs under FEHA.

///

///

## SECOND CAUSE OF ACTION

## Failure to Engage in the Interactive Process in Violation of Government Code § 12940(n)

## (Plaintiff and Class Members Against All Defendants)

56. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Pursuant to Government Code section 12940, subdivision (n), it is unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

58. "If an employer knows that disability is affecting an employee's ability to work, the employer *must initiate* the interactive dialogue." (*Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 949–50) (Emphasis added). The interactive process is an informal one whereby the employer and employee "attempt to identify a reasonable accommodation that will enable the employee to perform the job effectively." (*Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1013).

59. Plaintiff and Class Members informed Defendant before, during, and after they were hired that they suffered from a permanent physical disability and advised Defendant as to their physical limitations and restrictions. Defendant proceeded to extend an offer of employment to Plaintiff and Class Members after assuring them that their disability would not be an issue, leading Plaintiff and Class Members to believe the position(s) would comport with their limitations and restrictions.

60. Even after Plaintiff and Class Members informed multiple "leaders" and Managers within Defendant's organization that they were physically unable to

- 14 -
COMPLAINT FOR DAMAGES

perform their job duties due to their disability, Defendant did nothing. Eventually, Defendant offered them paperwork to complete in order to take time off.

61. After Plaintiff and Class Members completed the requisite paperwork, Defendant engaged in a disingenuous "interactive process" whereby they required Plaintiff and Class Members to look for other suitable job positions. Suggesting that a disabled employee check available job postings "does not satisfy the employer's duty", as it is the employer who "is in a better position than the employee to know what jobs are vacant or may become vacant in the near future to which the employee may be assigned." *Zamora v. Security Industry Specialists, Inc.*, (2021) 71 Cal.App.5th, 1, 42. At no time did Defendant explore any other possible positions with Plaintiff and Class Members other than warehouse positions which it knew Plaintiff and Class Members could not perform.

62. As a direct result of Defendant's failure to engage in the interactive process, Plaintiff and Class Members have sustained, and will continue to sustain for a period of time, compensatory damages including, but not limited to, loss of income and loss of future earning capacity, all to his damage in an amount according to proof.

63. As a further direct result of Defendant's failure to engage in the interactive process, Plaintiff and Class Members have sustained, and will continue to sustain for a period of time, severe physical, emotional, and mental pain, suffering, and distress, as any reasonable person would, all to their damage in an amount according to proof. Plaintiff is entitled to reasonable attorney's fees and costs under FEHA.

## THIRD CAUSE OF ACTION

**Failure to Accommodate in Violation of Government Code § 12940(m)**

**(Plaintiff and Class Members Against All Defendants)**

64. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. Government Code section 12940, subdivision (m), makes it unlawful for an employer "to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." The employee bears the burden of giving notice of the disability to the employer, and the notice triggers the employer's duty to accommodate. (*Prilliman v. United Air Lines, Inc.*, supra, 53 Cal.App.4th at p. 950).

66. Plaintiff and Class Members informed Defendant before, during, and after they were hired that they suffered from a physical disability and advised Defendant as to their physical limitations and restrictions. Defendant proceeded to offer Plaintiff and Class Members employment and therefore had a duty to accommodate Plaintiff's and Class Members' disabilities.

67. Once it became apparent that Plaintiff and Class Members were unable to perform their assigned job duties, Defendant failed or refused to accommodate Plaintiff's and Class Members' physical disability and instead required them to continue working in a position Defendant knew would not be able to be performed with the employees' disability or restrictions.

68. Eventually, Defendant placed Plaintiff and Class Members on "disability" leave.

69. Defendant never attempted to accommodate Plaintiff's or Class Members' disability by modifying their work duties.

70. Defendant never meaningfully explored other potential job positions with Plaintiff and Class Members which Defendant already knew Plaintiff and Class Members could not do. Defendant merely told Plaintiff and Class Members to check available job postings within Amazon and apply through Defendant's internal online system. Suggesting that a disabled employee check available job postings "does not satisfy the employer's duty", as it is the employer who "is in a better position than the employee to know what jobs are vacant or may become vacant in the near future to which the employee may be assigned." *Zamora v. Security*

*Industry Specialists, Inc.*, (2021) 71 Cal.App.5th, 1, 42. Further, Defendant failed to give disabled employees priority for other positions within the company that would accommodate Plaintiff and Class Members' disability and/or work restrictions.

71. As a direct result of Defendant's failure to accommodate, Plaintiff and Class Members have sustained, and will continue to sustain for a period of time, compensatory damages including a loss of income and lost future earning capacity, all to their damage in an amount according to proof.

72. As a further direct result of Defendant's failure to accommodate, Plaintiff and Class Members have sustained, and will continue to sustain for a period of time, severe physical, emotional, and mental pain, suffering, and distress, as any reasonable person would, all to their damage in an amount according to proof. Pursuant to Government Code section 12965, subdivision (b), Plaintiff requests an award of attorney's fees in this action.

## FOURTH CAUSE OF ACTION
## UNLAWFUL/UNFAIR BUSINESS PRACTICES
## (Business and Professions Code §§ 17200 et seq.)
## (Plaintiffs Against All Defendants)

73. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. Business and Professions Code section 17200 prohibits unfair competition by way of unlawful, unfair, or fraudulent business acts or practices. Business and Professions Code section 17204 allows "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition" to prosecute a civil action for violation of the Business and Professions Code.

75. Regarding the statutory provisions of the FEHA, Government Code section 12920 provides, "[i]t is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to …

hold employment without discrimination or abridgment on account of … physical disability."

76. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this complaint, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair, and fraudulent business practices and acts described in this complaint, including, but not limited to, violations of Government Code section 12940 subdivisions (a), (h), (k), (n), and (m).

77. Plaintiff is informed and believes Defendant maintains a practice of seeking out disabled applicants in order to gain an advantage by way of tax incentives, goodwill advertising and other benefits with no intention of accommodating disabled employees, keeping them on the payroll as active employees for a certain period of time, forcing a leave of absence and ultimately resulting in their termination or forced resignation.

78. Plaintiff further is informed and believes Defendant that places employees in job positions knowing they are disabled yet fails to offer any meaningful accommodation to keep them working and that this is a common practice.

79. Plaintiff further is informed and believes and thereon alleges that Defendant engaged in a practice of referring disabled employees to the internal job postings to look for another job position within Amazon and failed to give priority to current employee disabled applicants.

80. The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code sections 17200 et seq.

81. As a result of these unlawful, unfair, and fraudulent business practices, Plaintiff, on information and belief, alleges that Defendant is able to unfairly compete with, and gained an unfair advantage over, other comparable companies in

the State of California in violation of Business and Professions Codes 17200 et seq.

82. Plaintiff is informed and believes, and thereon alleges, that Defendant performed the unlawful, unfair, and fraudulent business practices with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, Class Members, and competing businesses in the State of California, and the general public.

83. Plaintiff's success in this action will enforce important rights affecting the public interest and public policy. In this regard, Plaintiff sues on behalf of the public as well as on behalf of himself.

84. Business and Professions Code sections 17203 provides that "[t]he court may make such orders or judgments … as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition." Injunctive relief is necessary and appropriate to prevent Defendant from repeating their unlawful, unfair, and fraudulent business acts and practices alleged above.

85. Plaintiff requests injunctive relief pursuant to Business and Professions Code section 17203 to enjoin Defendant from continuing the unfair and unlawful business practices alleged herein.

86. Plaintiff herein takes upon enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action. The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing Plaintiff to pay attorney fees from the recovery in this action. Attorney fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and others.

### **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays for the following relief:**

1. That the Court determine that this action may be maintained as a class action under Federal Rules of Civil Procedure Rule 23;
2. The Court appoint Plaintiff as Class Representative;

3. The Court appoint Kevin Mahoney, Katherine Odenbreit and Raleigh Dixon of Mahoney Law Group, APC as class counsel;

4. For compensatory damages in an amount according to proof;

5. For general damages in an amount according to proof;

6. For injunctive relief;

7. For attorneys' fees and costs; and

8. For such other and further relief as this Court may deem proper and just.

Dated: March 29, 2024   **MAHONEY LAW GROUP, APC**

By: _____
Kevin Mahoney, Esq.
Katherine J. Odenbreit, Esq.
Raleigh D. Dixon, Esq.
Attorneys for Plaintiff Jose Gavina as an individual and on behalf of all similarly situated employees

### DEMAND FOR JURY TRIAL

Plaintiff Jose Gavina hereby demands a trial by jury on all issues so triable in the Complaint.

Dated: March 29, 2024   **MAHONEY LAW GROUP, APC**

By: _____
Kevin Mahoney, Esq.
Katherine J. Odenbreit, Esq.
Raleigh D. Dixon, Esq.
Attorneys for Plaintiff Jose Gavina as an individual and on behalf of all similarly situated employees