LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

MEGAN COONEY, SBN 295174
  mcooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| JOSE GAVINA, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES LLC and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:24-cv-00674-HDV-SHK<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS JOSE GAVINA'S AMENDED COMPLAINT**<br><br>**<u>Hearing</u>**<br>**Date: September 5, 2024**<br>**Time: 10:00 a.m.**<br>**Place: First Street Courthouse**<br>**        350 W. 1st Street**<br>**        Courtroom 5B**<br>**        Los Angeles, CA  90012**<br>**Judge: Hon. Hernán D. Vera** |

Gibson, Dunn &
Crutcher LLP

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 5, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Hernán D. Vera, in Courtroom 5B of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Amazon.com Services LLC ("Amazon") will and hereby does move this Court for an order dismissing Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as described below in the accompanying Memorandum of Points and Authorities.

This motion is made following the conference of counsel on May 22, 2024, under Local Rule 7-3.  On July 16, 2024, Amazon notified Plaintiff's counsel that it intended to move to dismiss Plaintiff's claims based on the deficiencies previously discussed. Amazon now moves to dismiss Plaintiff's Amended Complaint in its entirety based upon his failure to state valid claims under California's Fair Employment and Housing Act ("FEHA") and Unfair Competition Law ("UCL").  The individualized facts that Plaintiff pleads not only portend difficulties at the class-certification stage but are also insufficient to state any cause of action.  To sustain all three claims under FEHA— disability discrimination, failure to engage in the interactive process, and failure to accommodate—Plaintiff must plead that he was a qualified individual under FEHA. Plaintiff's failure to do so dooms all three claims, as is his failure to plead sufficient facts to show that he was not accommodated, that Amazon did not engage in good-faith communication in attempt to accommodate, or that he was terminated based upon his disability.  Finally, because Plaintiff lacks standing to seek injunctive relief, his UCL claim—as well as his FEHA claims to the extent he seeks injunctive relief—should be dismissed.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

1

2  Dated: July 24, 2024

3                                              LAUREN M. BLAS
                                               MEGAN MOONEY
4                                              GIBSON, DUNN & CRUTCHER LLP

5

6                                              By:   _/s/ Lauren M. Blas_____

7                                                    Lauren M. Blas

8                                              Attorneys for Defendant
                                               AMAZON.COM SERVICES LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ...................................................................................... 1

II.  SUMMARY OF FACTUAL ALLEGATIONS ....................................... 2

III. ARGUMENT ............................................................................................. 4

   A.   Plaintiff Fails to State Any Plausible Claim Under FEHA ....................... 4

      1.   Plaintiff Fails to State a Claim for Failure to Accommodate .......... 5

      2.   Plaintiff Fails to State a Claim for Failure to Engage in the
           Interactive Process ......................................................................... 11

      3.   Plaintiff Fails to State a Claim for Disability Discrimination ....... 14

      4.   As a Former Employee, Plaintiff Cannot Seek Injunctive
           Relief Under FEHA ........................................................................ 16

   B.   Plaintiff Has Failed to State a UCL Claim ............................................... 17

      1.   Plaintiff's Derivative UCL Claim Fails ......................................... 17

      2.   Plaintiff Does Not Plead Fraud with Particularity ......................... 18

IV.  CONCLUSION ......................................................................................... 19

Gibson, Dunn & Crutcher LLP

AMAZON.COM SERVICES LLC'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aparicio v. Comcast, Inc.*,
274 F. Supp. 3d 1014 (N.D. Cal. 2017) ..................................................................... 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................... 4

*Auten v. Cnty. of Calaveras*,
2020 WL 7122056 (E.D. Cal. Dec. 4, 2020) ..................................................................... 11

*Bayer v. Neiman Marcus Grp., Inc.*,
861 F.3d 853 (9th Cir. 2017) ..................................................................... 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................... 4, 11, 15

*Brazil v. Dell Inc.*,
585 F. Supp. 2d 1158 (N.D. Cal. 2008) ..................................................................... 4

*Brown v. Jones Lang LaSalle Americas, Inc.*,
2016 WL 11756812 (C.D. Cal. May 23, 2016) ..................................................................... 12

*Buckingham v. United States*,
998 F.2d 735 (9th Cir. 1993) ..................................................................... 13

*Chisolm v. 7-Eleven, Inc.*,
814 F. App'x 194 (9th Cir. 2020) ..................................................................... 10

*Conway v. City of Palm Desert*,
2023 WL 5677858 (C.D. Cal. July 25, 2023), *aff'd*, 2024 WL 2890072
(9th Cir. June 10, 2024) ..................................................................... 7

*Cortez v. Chipotle Mexican Grill, Inc.*,
2021 WL 3214765 (9th Cir. July 29, 2021) ..................................................................... 7

*Cristerna v. Fed. Express Corp.*,
2023 WL 9379190 (C.D. Cal. Dec. 18, 2023) ..................................................................... 6, 7, 11

*Crook v. Rite Aid Corp.*,
2015 WL 13915424 (C.D. Cal. Jan. 7, 2015) ..................................................................... 10

*Cuiellette v. City of Los Angeles*,
194 Cal. App. 4th 757 (2011) ..................................................................... 6

*Dark v. Curry Cnty.*,
451 F.3d 1078 (9th Cir. 2006) ..................................................................... 15

*Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*,
642 F.3d 728 (9th Cir. 2011) ..................................................................... 11

Gibson, Dunn &
Crutcher LLP

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ............................................................. 13

*Eshaya v. Boeing Co.*,
  118 F. App'x 159 (9th Cir. 2004) ...................................................... 14

*Gomez v. Jelly Belly Candy Co.*,
  2017 WL 8941167 (C.D. Cal. Aug. 18, 2017) ................................... 18

*Green v. State*,
  165 P.3d 118 (Cal. 2007) ..................................................................... 5

*Hanson v. Lucky Stores, Inc.*,
  74 Cal. App. 4th 215 (1999) ................................................................ 9

*Hash v. Cate*,
  2012 WL 6043966 (N.D. Cal. Dec. 5, 2012) ..................................... 18

*Hatfield v. DaVita Healthcare Partners, Inc.*,
  2015 WL 106632 (N.D. Cal. Jan. 7, 2015) ........................................ 15

*Humphrey v. Mem'l Hosps. Ass'n*,
  239 F.3d 1128 (9th Cir. 2001) ............................................................. 9

*Issaian v. J.B. Hunt Transp. Servs., Inc.*,
  2021 WL 2450784 (C.D. Cal. May 14, 2021), *aff'd*, 2022 WL
  17090574 (9th Cir. Nov. 21, 2022) ...................................................... 7

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................................................... 19

*Kelley v. Corr. Corp. of Am.*,
  750 F. Supp. 2d 1132 (E.D. Cal. 2010) ............................................. 15

*Lomely v. JP Morgan Chase Bank, Nat'l Ass'n*,
  2012 WL 4123403 (N.D. Cal. Sept. 17, 2012) ................................... 17

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) (en banc) ........................................... 19

*Ludovico v. Kaiser Permanente*,
  57 F. Supp. 3d 1176 (N.D. Cal. 2014) ............................................... 12

*Lui v. City & Cnty. of San Francisco*,
  211 Cal. App. 4th 962 (2012) ............................................................... 5

*Madick v. Presidio, Inc.*,
  680 F. Supp. 3d 1135 (C.D. Cal. 2023) ............................................. 13

*Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*,
  166 Cal. App. 4th 952 (2008) ............................................................. 11

*Neufeld v. WinCo Holdings, Inc.*,
  699 F. App'x 659 (9th Cir. 2017) ...................................................... 14

Gibson, Dunn &
Crutcher LLP

iii

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
    31 F.4th 651 (9th Cir. 2022) ................................................................ 4

*Philips v. Ford Motor Co.*,
    726 F. App'x 608 (9th Cir. 2018) ...................................................... 18

*Raine v. City of Burbank*,
    135 Cal. App. 4th 1215 (2006) ............................................................ 8

*Sanchez v. Elevance Health Companies, Inc.*,
    2023 WL 8235238 (C.D. Cal. Nov. 27, 2023) ............................ 5, 6, 11

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ............................................................ 17

*Spitzer v. The Good Guys, Inc.*,
    80 Cal. App. 4th 1376 (2000) .............................................................. 8

*Tannlund-McCoy v. Golden Gate Bridge, Highway & Transp. Dist.*,
    2003 WL 21838378 (N.D. Cal. July 30, 2003) .................................... 9

*Tipton v. Airport Terminal Servs, Inc.*,
    2019 WL 185687 (C.D. Cal. Jan. 14, 2019) ...................................... 15

*Wang v. Cmty. Health Servs., Inc.*,
    2007 WL 9776590 (S.D. Cal. June 7, 2007) ...................................... 15

*Watkins v. Ameripride Servs.*,
    375 F.3d 821 (9th Cir. 2004) ............................................................... 8

*Webb v. Kohler Co.*,
    2022 WL 2284581 (C.D. Cal. Mar. 23, 2022) ................................... 16

*Williams v. United Airlines, Inc.*,
    830 F. App'x 242 (9th Cir. 2020) ...................................................... 11

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ............................................................. 8

## Statutes and Regulations

Cal. Bus. & Prof. Code §17200 ................................................................. 4

Cal. Code Regs. tit. 2 §11068(c) ............................................................... 9

Cal. Code Regs. tit. 2 §11068(d)(1) ................................................. 13, 15

Cal. Gov't Code §12940(a) ....................................................................... 4

Cal. Gov't Code §12940(m) ...................................................................... 4

Cal. Gov't Code §12940(n) ............................................................. 4, 11, 14

## Rules

Fed. R. Civ. P. 8 ................................................................................................... 19

Fed. R. Civ. P. 9(b) ................................................................................. 2, 17, 19

Fed. R. Civ. P. 12(b)(6) ................................................................................... 4

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    Plaintiff Jose Gavina contends that he and other Amazon employees were

4    subjected to disability discrimination and other violations of California law.  Yet, even

5    after amending his complaint to attempt to resolve these very flaws, Plaintiff's

6    allegations continue to be based on his own unique experience pursuing a job at Amazon

7    and, furthermore, fail to state a claim for relief.  In fact, his amended complaint continues

8    to be replete with contradictions and conclusory allegations that cannot sustain any of

9    his claims.  To the extent Plaintiff alleges actual facts, those facts show that he has not

10   suffered any violations of the California Fair Employment and Housing Act or Unfair

11   Competition Law.  His amended complaint should therefore be dismissed in its entirety.

12   Each of Plaintiff's claims suffers from a litany of defects.  To start, Plaintiff still

13   fails to plead that he was a "qualified individual," which is fatal to all three of his claims

14   under FEHA—disability discrimination (count 1), failure to engage in the interactive

15   process (count 2), and failure to accommodate (count 3).  In addition, Plaintiff's

16   allegation that Amazon terminated his employment "primarily based on [his]

17   disabilit[y]," Am. Compl. ¶ 55, is speculative and insufficient to state a claim for

18   disability discrimination.  Plaintiff's failure-to-accommodate claim also suffers from a

19   second, additional defect: although he contends Amazon failed to accommodate him, he

20   undermines this contention by pleading that, after he visited an on-site clinic to report

21   he could no longer perform his assigned role, Amazon immediately sought information

22   from his physician, and searched across area locations for an open position for which

23   Plaintiff was qualified.  And Plaintiff's second cause of action, for failure to engage in

24   the interactive process, suffers from similar contradictions, as the facts in Plaintiff's

25   Complaint demonstrate a pattern of good-faith communication between Amazon and

26   Plaintiff to identify a position for which he might be qualified.  After Plaintiff's

27   conclusory allegations are set aside, as they must be, the allegations that remain fail to

28   state any claim under FEHA upon which relief might be granted.  Finally, to the extent

that Plaintiff seeks injunctive relief on his FEHA claims, as a former employee, he lacks standing to seek that relief.

Plaintiff's final cause of action, for unfair business practices under the UCL, also suffers from incurable flaws. Plaintiff requests only injunctive relief under the UCL, meaning that his UCL claim fails on standing grounds alone. But Plaintiff also pleads no facts sufficient to support a claim of fraud under the heightened standard of Rule 9(b). And because Plaintiff's UCL claim is based upon the same conduct as his FEHA claims, it fails as a substantive matter for the same reasons as those claims.

## II.     SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff proactively sought out a job at Amazon. Am. Compl. ¶ 19. Around September 2020, he alleges he attended an Amazon "job fair" and met with a "representative" who allegedly informed him there were "many places where [he] c[ould] work." *Id.* He claims he later told an Amazon "interview[er]" about his unique attributes, including his job qualifications, that he had a disability, and certain limitations associated with that disability. *Id.* ¶ 22.

When Plaintiff began working at Amazon on or about October 7, 2020, his role allegedly was to "stock[] and sort[] merchandise." Am. Compl. ¶ 23. Plaintiff claims he was "mislead [sic] into believing" that he would be staffed in an "office position," *id.*, but Plaintiff does not allege that anyone during the recruitment process offered him an "office position" or even suggested that he would be placed in one, *id.* ¶¶ 21–23. The most Plaintiff claims is that an interviewer asked "if he had experience in Human Resources," *id.* ¶ 21. Plaintiff claims that he did have experience in Human Resources (and "highlighted" it to his interviewer), but beyond that, fails to allege any specifics about "his knowledge and prior experience." *Id.* ¶ 22. Nor does Plaintiff allege that Amazon had any open roles at the time—whether in Human Resources or any other "office" function. *See id.*

After working as a stocker for "about a month," Plaintiff claims Amazon refused to meaningfully engage with him to secure a reasonable accommodation. Am. Compl.

¶¶ 27–28.  He characterizes Amazon's efforts to accommodate him as "disingenuous," *id.* ¶ 67, but the allegations he offers are contradictory.  For example, he alleges Amazon "never meaningfully explored other potential job positions" for him, *id.* ¶ 77, but earlier in his complaint, alleges that his Accommodation Consultant asked him to update his resume so she could send it "to other locations" to see if they had any available positions, *id.* ¶¶ 28–31.  He also admits the Accommodation Consultant suggested he consult Amazon's job bank to search for open positions of interest.  *Id.* ¶ 28.  He then blames the Accommodation Team for failing to "offer any potential upcoming job positions or any alternative job position," *id.*, but does not allege he ever updated his resume as his Accommodations Consultant recommended.

While the Accommodation Consultant was working with Plaintiff to locate a new position at Amazon, Plaintiff was on an Amazon-paid disability leave.  Am. Compl. ¶¶ 27–35.  Plaintiff alleges he remained on paid disability leave for the next six months. *Id.* ¶ 32.  Three months later, Plaintiff alleges Amazon asked if he'd identified any new positions of interest.  *Id.*  Plaintiff does not state whether he ever responded to this inquiry.  *See id.*  About a year later, Plaintiff claims he received a "disciplinary action notice," an "absence violation," and ultimately a "final warning," related to his "Unpaid Time Off."  *Id.* ¶¶ 33–35.  Besides these notices, Plaintiff claims he received no other communications from Amazon through April 18, 2022, at which time his employment with Amazon ended.  *Id.*  And although Plaintiff admits he was the one who first sought a job at Amazon (*id.* ¶ 19), he nevertheless insinuates that his experience was part of a company-wide scheme to "seek[] out" and "hire[]" disabled applicants "knowing they cannot perform the job duties" of their assigned roles "to obtain promotion and recognition as an employer who supports individuals with disabilities . . . tax incentives, goodwill advertising and other benefits."  *Id.* ¶¶ 36–39.

On April 10, 2023, Plaintiff filed a charge with California's Civil Rights Department.  Dkt. 21-1 at 4.  The Civil Rights Department issued an immediate right-to-sue letter.  *Id.* at 1.  Plaintiff filed the original Complaint in the Central District of

California on March 29, 2024.  He then filed this Amended Complaint on June 24, 2024, alleging the same causes of action: violations of FEHA (California Gov't Code Sections 12940(a), (n), and (m)), and the UCL (Bus. & Prof. Code Section 17200) on his own behalf and on behalf of all individuals currently and/or formerly employed by Amazon at any California worksite "who are or were disabled and who were denied reasonable accommodations for their disability."[1]  Am. Compl. ¶ 1; *see also id.* ¶¶ 2, 42–43, 50–93.

## III.   ARGUMENT

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Federal pleading standards require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  Plaintiff's complaint fails this test and must be dismissed.  Further, because Plaintiff is a former employee, he lacks standing to pursue both his UCL claim and his claim for injunctive relief under FEHA.

### A.   Plaintiff Fails to State Any Plausible Claim Under FEHA

Plaintiff raises three disability-related claims under FEHA: disability discrimination (count 1), failure to engage in the interactive process (count 2), and

---

[1] Plaintiff's class allegations are inconsistent.  The class premised on Amazon "den[ying] reasonable accommodations," Am. Compl. ¶ 1, is impermissibly fail safe.  "A court may not . . . create a 'fail safe' class that is defined to include only those individuals who were injured by the allegedly unlawful conduct."  *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022); *see also Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) (proposed class was fail-safe where court must "reach a legal determination" on the merits in order "[t]o determine who should be a member of the[] class[]").  But Plaintiff also defines the class to include individuals "who notified Defendant they suffered from a disability, requested accommodation and were placed on leave of absences and whose employment ended while on leave."  Am. Compl. ¶ 43.  At a minimum, Plaintiff should be required to define his class to avoid a fail-safe problem.

failure to accommodate (count 3).  Am. Compl. ¶¶ 55, 59, 66–69, 74–80.  Even assuming the truth of Plaintiff's allegations at this early stage of the case, Plaintiff fails to allege sufficient facts to plausibly assert any of those claims.

### 1. Plaintiff Fails to State a Claim for Failure to Accommodate

A cognizable claim for failure to accommodate under FEHA requires that "(1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability."  *Lui v. City & Cnty. of San Francisco*, 211 Cal. App. 4th 962, 971 (2012) (cleaned up).  Plaintiff fails to plead sufficient facts to satisfy the second and the third elements of this test.

*First*, even after Amazon put Plaintiff on notice that he had not adequately alleged this element of his claims, Dkt. 18 at 5–6, Plaintiff still hasn't pleaded he was qualified to perform the "essential functions" of any available position.  To establish that they are a "qualified individual," a plaintiff must show they "c[ould] perform the essential functions of [a] job with or without reasonable accommodation."  *Green v. State*, 165 P.3d 118, 121, 124 (Cal. 2007).  Plaintiff alleges he "believ[ed]" he would be placed in Human Resources, Am. Compl. ¶¶ 21, 23, but does not allege that there was in fact an available role (in Human Resources or otherwise) for which he was qualified—that is, that he could have performed with or without accommodations.  As Plaintiff acknowledges, the site at which he first worked did not have an available role for someone with both his qualifications <u>and</u> his requested limitations, nor did any other area sites, which is why he was terminated.  *Id.* ¶¶ 28, 31.

It is well established in this district that failing to plead one's qualifications is a basis to dismiss an accommodation claim.  For example, in *Sanchez v. Elevance Health Companies, Inc.*, 2023 WL 8235238 (C.D. Cal. Nov. 27, 2023), the plaintiff's fourth amended complaint contained "a barebones allegation" that with "adequate accommodations" post-surgery she would have been able to perform the "essential duties" of her position.  The court nonetheless dismissed the plaintiff's claims for failure

to plead that she was a "qualified individual under FEHA." *Id.* at *4. The complaint was inadequate, the court concluded, because it provided no information "as to what [the plaintiff] *can* do or what the essential elements of [her] job [were] or might be with or without reasonable accommodations." *Id.* (emphasis original, cleaned up).

So too here: Plaintiff has not pleaded with specificity that he was a "qualified individual"—*i.e.*, by identifying what job was available for which he could perform the essential functions with or without reasonable accommodation. Instead, he pleads that he is "qualified" for Human Resources work in the colloquial sense: that is, he claims he has relevant HR work experience. But being colloquially "qualified" is wholly different from being a "qualified individual," a term of art under FEHA which requires, in addition to a skill set, the existence of an available position the job seeker could perform. In the absence of such an allegation, Plaintiff's failure-to-accommodate claim cannot survive. *See Cuiellette v. City of Los Angeles*, 194 Cal. App. 4th 757, 766–67 (2011) ("A reassignment . . . is not required if there is no vacant position for which the employee is qualified." (cleaned up)); *Cristerna v. Fed. Express Corp.*, 2023 WL 9379190, at *3–4 (C.D. Cal. Dec. 18, 2023) (dismissing amended claims where the plaintiff repeatedly failed to "plead facts sufficient to show that she is a qualified individual," and there was no available permanent or temporary-light-duty position that would accommodate the plaintiff's limitations).

*Second*, Plaintiff fails to plead sufficient facts to satisfy the third element—that Amazon did not reasonably accommodate his disability. He points to three different moments when Amazon allegedly failed to accommodate him—the start of his employment with Amazon, his placement on disability leave, and Amazon's efforts to explore other job options for him—but all undermine, rather than support, his claim.

***Start of Employment***. Plaintiff alleges Amazon first failed to reasonably accommodate his disability when it placed him in a "warehouse" position at an Amazon fulfillment center rather than in the "office" position that he desired. Am. Compl. ¶¶ 23, 72. Those allegations do not help him, though, as he does not plead he requested an

accommodation before his initial placement.  Although he alleges he told people at Amazon about his "apparent" disability and limitations before he was hired, *id.* ¶ 22, his first mention of "requesting an accommodation" and "submit[ting accommodation] paperwork" is on the day he visited Amazon's on-site clinic, "about one month" after he had already started his warehouse job, *id.* ¶ 27.  An employer's duties under FEHA arise only "in response to a *request* for reasonable accommodation by an employee." *Cortez v. Chipotle Mexican Grill, Inc*., 2021 WL 3214765, at *3 (9th Cir. July 29, 2021) (emphasis original, cleaned up).  Therefore, although "no magic words are required, the employee can't expect the employer to read his mind and know he secretly wanted a particular accommodation and sue the employer for not providing it." *Issaian v. J.B. Hunt Transp. Servs., Inc.*, 2021 WL 2450784, at *6 (C.D. Cal. May 14, 2021) (cleaned up), *aff'd*, 2022 WL 17090574 (9th Cir. Nov. 21, 2022).  Plaintiff does not plead that he asked for an accommodation before his first day and therefore cannot plausibly claim Amazon had a duty to accommodate him at the time it placed him in a "warehouse" position.

The facts Plaintiff *does* plead underscore this very point.  His interactive-process claim, for example, alleges Amazon failed to engage with him on two occasions—but both postdate his visit to Amazon's on-site clinic, when he first requested an accommodation and filled out the necessary paperwork to open an accommodations case.  Am. Compl. ¶¶ 57, 67.  That's a tacit acknowledgement that it was not until he requested an accommodation that Amazon's "duties under FEHA"—including the duty to engage in the interactive process—"[were] triggered." *Cristerna*, 2023 WL 9379190, at *4.  Where an employee "fails to allege that" an employer "was on notice of . . . the *particular accommodations* he required," then "the employer's duty to provide accommodation was not triggered," and both the failure-to-accommodate and interactive-process claims must be dismissed. *Conway v. City of Palm Desert*, 2023 WL 5677858, at *9 (C.D. Cal. July 25, 2023), *aff'd*, 2024 WL 2890072 (9th Cir. June 10, 2024) (emphasis added).

Even if Amazon had a duty to reasonably accommodate Plaintiff when he first started in the "warehouse" position—which Amazon disputes—Plaintiff's claim still falls short because he has not plausibly alleged Amazon breached that duty. Specifically, Plaintiff has not pleaded that there was in fact an open "office" or "human resources" role available on that date.  Nor was Amazon "obligated to provide an employee the accommodation he requests or prefers." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (cleaned up).  There is likewise no "affirmative duty to create a new position to accommodate" the employee. *Aparicio v. Comcast, Inc.*, 274 F. Supp. 3d 1014, 1029 (N.D. Cal. 2017).  Therefore, even if Plaintiff pleaded facts to support his allegation that Amazon was obliged to accommodate him on his first day, he has not pleaded that a different role was available and by implication, cannot plausibly allege Amazon failed to reasonably accommodate his disability.

Plaintiff also pleads that during his time working for Amazon "he observed other positions in which the job was performed while sitting down within the warehouse." Am. Compl. ¶ 26.  Pleading that such positions *exist* is not the same, of course, as pleading that additional similar positions are *available* in any given site, on any given shift.  *See Watkins v. Ameripride Servs.*, 375 F.3d 821, 828 (9th Cir. 2004) (employer is "only obligated to reassign [the employee] to another position within the company if there [is] an *existing*, *vacant position* for which [the employee is] qualified" (emphasis in original)); *Spitzer v. The Good Guys, Inc.*, 80 Cal. App. 4th 1376, 1389 (2000) ("The responsibility to reassign a disabled employee who cannot be otherwise accommodated does not require creating a new job, moving another employee, [or] promoting the disabled employee." (cleaned up)).  Nor has Plaintiff pleaded that such positions were permanent and not temporary light-duty; as noted, an employer is not required to create a new position by making a temporary position permanent. *See Raine v. City of Burbank*, 135 Cal. App. 4th 1215, 1227 (2006).

***Placement on Disability Leave***.  Next, Plaintiff alleges that Amazon failed to reasonably accommodate him when, instead of immediately placing him into an "office"

position, Amazon put him on a paid "'disability' leave" while reviewing medical paperwork and making inquiries to see if Plaintiff's assigned site could reasonably accommodate his physical restrictions.   Am. Compl. ¶¶ 23, 27–28, 75–76.   Those allegations do not give rise to a failure-to-accommodate claim, either.   Where an employee "cannot presently perform the essential functions of the job," providing "a leave of absence . . . may be a reasonable accommodation provided that the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation."   Cal. Code Regs. tit. 2 § 11068(c). Leave remains a reasonable accommodation even where "results of the leave of absence [are] speculative" or "there [is] no specific treatment program."   *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1135–36 (9th Cir. 2001).   For example, in *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215 (1999), where the employer reasonably accommodated the employee by granting sixteen months of leave, the fact that the employee had ongoing restrictions and required permanent accommodation "d[id] not render the leave accommodation itself unreasonable."   *Id.* at 226–27.   Further, a "leave of absence [is also] a reasonable accommodation as a matter of law" when it is required for the wellbeing or safety of the employee or others.   *Tannlund-McCoy v. Golden Gate Bridge, Highway & Transp. Dist.*, 2003 WL 21838378, at *7 (N.D. Cal. July 30, 2003) (leave from driving job reasonable accommodation due to safety constraints).   In other words, a leave of absence is a reasonable accommodation where it protects the employee and plausibly permits him to later return to an available position for which he is qualified— potentially with a different accommodation.   Here, Plaintiff cannot base a failure-to-accommodate claim purely on allegations that Amazon placed him on a leave of absence after he reported that he could no longer safely perform his position.   As alleged, the paid leave of absence both protected Plaintiff and gave Amazon the time necessary to evaluate his medical need for a permanent accommodation and whether any such accommodation was available.   And, as further confirmation that Plaintiff's allegations

are insufficient, Plaintiff did not plead that at the time of his leave he would have been able to work in an available position with or without a reasonable accommodation.

***Exploration of Other Options***.   Finally, Plaintiff alleges that Amazon failed to reasonably accommodate his disability because Amazon "never meaningfully explored other potential job positions" after his original site determined it was unable to accommodate him.   Am. Compl. ¶ 77.   Plaintiff contradicts his own allegations, however, by admitting his Accommodation Consultant asked him to update his resume so she could send it "to other locations" to see if they had any available positions (something Plaintiff does not allege that he did), while also inviting Plaintiff to consult Amazon's job bank to search for open positions of interest.   *Id.* ¶ 31.   Although accommodations laws generally require an employer to search for a "vacant position within the employer's organization for which the disabled employee was qualified," *Crook v. Rite Aid Corp.*, 2015 WL 13915424, at *5 (C.D. Cal. Jan. 7, 2015), an employer "is relieved of th[at] duty . . . if there is no vacant position for which the employee is qualified," *Chisolm v. 7-Eleven, Inc.*, 814 F. App'x 194, 196 (9th Cir. 2020).   Here, Plaintiff's own allegations demonstrate that Amazon attempted to search for open jobs for him at other sites and wanted to accommodate him.   Amazon also encouraged Plaintiff to maximize his chance to find a suitable alternative position by updating his resume and providing Amazon with insight into his preferred roles.   As Plaintiff acknowledges, his Accommodation Consultant told him this interactive process would come to an end "if they could not find a position for him."   Am. Compl. ¶ 31.   That may have been an understandably disappointing outcome for Plaintiff, but without more, it doesn't support a claim that there was a breakdown in the accommodation process.   And Plaintiff's assertion that Amazon's efforts were not "meaningful" is simply a

characterization that is not entitled to any weight.  Given the ***facts*** alleged, Plaintiff has not plausibly pleaded a failure to accommodate under FEHA.[2]

### 2. *Plaintiff Fails to State a Claim for Failure to Engage in the Interactive Process*

Under FEHA, both the employer and employee must "'engage in a timely, good faith, interactive process . . . to determine effective reasonable accommodations.'" *Williams v. United Airlines, Inc.*, 830 F. App'x 242, 243 (9th Cir. 2020) (quoting Cal. Gov't Code § 12940(n)).  "The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees with the goal of identifying an accommodation that allows the employee to perform the job effectively."  *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 742–43 (9th Cir. 2011) (cleaned up).  As with claims for a failure to provide a reasonable accommodation and for disability discrimination, a plaintiff "fail[s] to state a claim for relief" under § 12940(n) where they "do[ ] not plead facts showing that [the p]laintiff is a qualified individual under FEHA." *Sanchez*, 2023 WL 8235238, at *4; *see also Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 975 (2008) ("[A]n employer's duty to engage in an interactive process . . . extends only to accommodations that would enable the employee to perform the essential functions of the position.").

As a preliminary matter, Plaintiff has not pleaded that he was a "qualified individual" for any available position at Amazon.  *See* Section III.A.1 *supra*.  This failure requires dismissal of his interactive process claim.  *See Sanchez*, 2023 WL 8235238, at *4; *Cristerna*, 2023 WL 9379190, at *3; *Auten v. Cnty. of Calaveras*, 2020 WL 7122056,

---

[2] Plaintiff also speculates that Amazon "failed to give [him] priority for other positions within the company that would accommodate [his] disability and/or work restrictions," Am. Compl. ¶ 77, but doesn't allege any facts suggesting Amazon has a policy of not putting forward disabled employees as candidates for vacant positions for which they are qualified.  Speculative allegations like these don't help a plaintiff survive a motion to dismiss.  *See Twombly*, 550 U.S. at 555.

Gibson, Dunn & Crutcher LLP

at *4 (E.D. Cal. Dec. 4, 2020), *report and recommendation adopted*, 2021 WL 663746 (E.D. Cal. Feb. 19, 2021) ("Plaintiff has not alleged he is a qualified individual. Therefore, [p]laintiff has failed to state a claim that [d]efendant failed to engage in the interactive process.").

Further, in asserting that Amazon failed to engage in a good-faith interactive process, the facts Plaintiff actually pleads contradict his theory of harm.  Plaintiff contends that being placed on a temporary leave amounts to a failure to engage in the interactive process.  Am. Compl. ¶ 66.  Not so.  Just as a medical leave of absence may be a reasonable accommodation depending on the circumstances, *see* Section III.A.1 *supra*, an employer may also "participate[] in the interactive process by granting [a] reasonable accommodation" in the form of "temporary leave."  *Brown v. Jones Lang LaSalle Americas, Inc.*, 2016 WL 11756812, at *26 (C.D. Cal. May 23, 2016), *reconsidered on other grounds*, 2016 WL 11756811 (C.D. Cal. June 13, 2016); *see also Ludovico v. Kaiser Permanente*, 57 F. Supp. 3d 1176, 1200 (N.D. Cal. 2014) ("accommodation was the result of a good faith, interactive process" where employee "was placed on medical leave while her job remained open" before, at the conclusion of her leave, employee was reassigned to "a position with a different facility").  Plaintiff then insists that "[a]t no time [during his leave] did the Accommodation Team have a substantive conversation about ways they may be able to accommodate [his] disability," but his complaint actually shows the opposite: he admits that after he filled out his accommodation request and was placed on a paid leave, he received related communications from the Disability & Leave Services (DLS) team and that his Accommodation Consultant sent him "numerous documents" extending his leave and "continuously requested notes" from Plaintiff's physician to confirm his limitations.  Am. Compl. ¶¶ 28, 30.  These are exactly the kind of "substantive" communications and back-and-forth that demonstrate an interactive process.  Thus, far from putting Plaintiff on leave and engaging no further, Plaintiff's allegations suggest that once he requested

an accommodation, Amazon commenced frequent, good-faith "communication" with him to determine his ability to return to work in the same or any other position.

Plaintiff also claims that Amazon engaged in a "disingenuous 'interactive process'" when it "required [him] to look for other suitable job positions." Am. Compl. ¶ 67.  Plaintiff is correct that, as a general matter, it is the employer's obligation to "ascertain through the interactive process suitable alternate, vacant positions," Cal. Code Regs. tit. 2 § 11068(d)(1), since an "employee cannot necessarily be expected to identify . . . possible alternative positions" for which he might be qualified where he "do[es] not have at [his] disposal . . . extensive information" about the employer's vacant opportunities.  *Madick v. Presidio, Inc.*, 680 F. Supp. 3d 1135, 1146–47 (C.D. Cal. 2023).  But even in Plaintiff's own telling, that's not what he was asked to do here. Plaintiff's Accommodation Consultant asked him to update his resume so she could send it "to other locations" to see if they had any available positions, Am. Compl. ¶¶ 28, 31— an entirely reasonable request given that a reasonable accommodation may include offering a position at a different location.  *See Buckingham v. United States*, 998 F.2d 735, 740 (9th Cir. 1993).  And that is exactly what the Accommodation Consultant attempted to find for Plaintiff when she "told [Plaintiff] that she would send his resume to other locations."  Am. Compl. ¶ 31.  By Plaintiff's own account, that search was thorough: Plaintiff alleges that his Accommodation Consultant did not reach the "end o[f] the job search" until July 2021, approximately nine months after he first requested an accommodation.  *Id.* ¶ 32.  Even though Plaintiff's Accommodation Consultant *also* invited him to consult Amazon's job bank to search for open positions of interest, *id.* ¶ 28, it does not follow that the Consultant left Plaintiff to conduct the search or find a new position alone.  A more reasonable inference is that the Consultant sought Plaintiff's input to better assist him in finding a role he would be interested in, engaged in good-faith communications with him, and concurrently ran her own searches for a position for which he would be qualified—which doesn't support his interactive-process claim.  *Cf. Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999 (9th Cir.

2014) (claim should be dismissed where, "[f]ar from establishing a plausible entitlement to relief, [p]laintiffs' preferred reading of the complaint requires [the court] to draw *implausible* inferences" about defendant's actions (emphasis in original, cleaned up)). Thus, even assuming all Plaintiff's allegations are true, what they establish is that Amazon *did* engage in a good-faith interactive process in attempting to accommodate him.  Plaintiff thus cannot state a claim under § 12940(n).

### 3.  Plaintiff Fails to State a Claim for Disability Discrimination

To state a claim for disability discrimination under FEHA, a plaintiff must allege that: "(1) he suffers from a disability within the meaning of FEHA; (2) he is able to perform the essential functions of his job with [or without] a reasonable accommodation; and[] (3) he was terminated because of his disability."  *Eshaya v. Boeing Co.*, 118 F. App'x 159, 160 (9th Cir. 2004).

Plaintiff has failed to plead the second and third elements of this claim.  As to the second element, *see* Section III.A.1 *supra*, Plaintiff has not pleaded that "he [wa]s able to perform the essential functions of his job with or without a reasonable accommodation"—that is, that he was a "qualified individual" for any available position at Amazon.  The FEHA "does not prohibit an employer from discharging an employee with a physical or mental disability where the employee, because of his or her physical or mental disability, is unable to perform his or her essential duties even with reasonable accommodations.'"  *Neufeld v. WinCo Holdings, Inc.*, 699 F. App'x 659, 660 (9th Cir. 2017) (cleaned up).

Nor has Plaintiff adequately pleaded the third element—that "he was terminated because of his disability."  Plaintiff's disability discrimination claim primarily recycles his allegations of failure to accommodate and to engage in a good-faith interactive process.  Am. Compl. ¶¶ 55–59.  Beyond those allegations, Plaintiff pleads only—in conclusory fashion—that Amazon terminated his employment "primarily based on [his] disabilit[y]."  *Id.* ¶ 55; *see also id.* ¶ 59.  But that's a conclusion, of course, and Plaintiff

identifies no additional facts to raise this allegation beyond a "speculative level."[3]  550 U.S. at 555.  Under *Twombly*, "a formulaic recitation of the elements of a cause of action will not do."  *Id.*

What Plaintiff's complaint *does* suggest is that he was terminated because, after a lengthy, good-faith effort to engage with him and accommodate his disability—including to find him a new position at his current site or at another site in the region—Amazon was unable to do so.  Am. Compl. ¶¶ 31–32.  That is entirely lawful: "[A]n employer may discharge or refuse to hire a person who, because of a disability or medical condition, is unable to perform his or her essential duties even with reasonable accommodation."  *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1138 (E.D. Cal. 2010).  And although FEHA requires an employer to attempt to locate "suitable alternate, vacant positions and offer an employee such positions, for which the employee is qualified," Cal. Code Regs. tit. 2 § 11068(d)(1), that job search need not last forever—only for a "reasonable" amount of time, *Dark v. Curry Cnty.*, 451 F.3d 1078, 1089–90 (9th Cir. 2006).  "Without facts to support the conclusion that [a d]efendant terminated [a plaintiff's] employment *because of* [his] disability, [the plaintiff's] claim must fail." *Hatfield v. DaVita Healthcare Partners, Inc.*, 2015 WL 106632, at *2 (N.D. Cal. Jan. 7, 2015) (emphasis original); *see also Tipton v. Airport Terminal Servs, Inc.*, 2019 WL 185687, at *9 (C.D. Cal. Jan. 14, 2019) (dismissing disability discrimination claim and cautioning plaintiff against conclusory allegations that employer's "real motivation was to discharge her because of her disability").  Here, after attempts to accommodate Plaintiff at his original site were unsuccessful, Amazon attempted to identify vacant

---

[3] Plaintiff's assertion that Amazon "maintains a practice of seeking out disabled applicants . . . with no intention of accommodating disabled employees . . . and ultimately resulting in their termination or forced resignation" doesn't help him either. Am. Compl. ¶ 37.  This assertion, even more than the assertion that he was terminated "primarily based on his disability," constitutes "[r]ank speculation" and cannot "satisfy [Plaintiff's] obligation to plead adequate facts pertinent to his particular case to save the action from dismissal for failure to state a claim."  *Wang v. Cmty. Health Servs., Inc.*, 2007 WL 9776590, at *5 (S.D. Cal. June 7, 2007).

AMAZON.COM SERVICES LLC'S MOTION TO DISMISS

positions at nearby sites for which he was a "qualified individual."  Am. Compl. ¶¶ 28, 31.  By Plaintiff's own account, those attempts took time.  *Id.* ¶ 32.

Plaintiff then claims he was terminated for pretextual attendance infractions after his accommodations case was closed.  Am. Compl. ¶¶ 34–35.  This, he says, supports a "belie[f]" that Amazon "intentionally hired" him only to fire him for unexcused absences.  *Id.* ¶ 36.  This is a far-fetched theory, to say the least, given that Amazon employed him for 18 months and expended significant resources in an attempt to accommodate his needs.  The far more plausible inference is that his employment ended for the reason articulated by his Accommodation Consultant—that she came "to an end on the job search," that Amazon was thus unable to reasonably accommodate Plaintiff, and that his employment was lawfully terminated as a result.  *Id.* ¶ 32.  In short, Plaintiff has pleaded no facts that raise his assertion of discriminatory termination beyond the level of speculation, and thus he has failed to plead a claim for disability discrimination under § 12940(a).

### 4.  *As a Former Employee, Plaintiff Cannot Seek Injunctive Relief Under FEHA*

In his "Prayer For Relief," Plaintiff seeks, inter alia, injunctive relief, presumably on all four claims.  Am. Compl. at 23.  As a former employee, however, Plaintiff lacks standing to seek such relief under any statute.  *See Webb v. Kohler Co.*, 2022 WL 2284581, at *6 (C.D. Cal. Mar. 23, 2022) (without evidence that employee "seeks reinstatement or re-employment," he "lacks Article III standing to pursue injunctive relief [under FEHA] against his former employer").  At a minimum, then, his claims for injunctive relief under FEHA should be dismissed.

\*     \*     \*

Plaintiff fails to plead facts sufficient to support any of his three discrimination-based claims under the FEHA.  He doesn't plead that he was a qualified individual under the law, nor does he plead that Amazon failed to accommodate his disability, failed to

engage in the interactive process, or terminated him because of his disability.  Plaintiff's claims under FEHA should therefore be dismissed.

### B.      Plaintiff Has Failed to State a UCL Claim

Plaintiff also brings a derivative claim for violations of the UCL.  Am. Compl. ¶ 81.  This claim fails for the same reasons as the FEHA claims, and for two additional independent reasons: he lacks standing to seek the only remedy he requests under that statute (injunctive relief), and to the extent his UCL claim sounds in fraud, he fails to satisfy Rule 9(b)'s heightened requirements.

### 1. *Plaintiff's Derivative UCL Claim Fails*

Plaintiff's UCL claim, which seeks only an injunction, is derivative of his discrimination claims, and rises and falls with them accordingly.  Am. Compl. ¶¶ 82–83.  Where a UCL claim is premised on the same acts alleged in other causes of action, and those causes of action fail, the UCL claim likewise must be dismissed.  *See Lomely v. JP Morgan Chase Bank, Nat'l Ass'n*, 2012 WL 4123403, at *5 (N.D. Cal. Sept. 17, 2012).

Even if Plaintiff had stated a FEHA claim, his UCL claim would still be deficient because, as noted, Plaintiff is a former Amazon employee and lacks standing to seek an injunction.  *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) ("[A] former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief.").  Because Plaintiff has "neither shown that he is reasonably likely to be subjected once again to the conduct alleged as the basis for his claim nor shown that he can reasonably be expected to benefit from the injunctive relief he seeks," his request for injunctive relief—and the UCL claim itself—should be dismissed.  *Id.*

Setting aside Plaintiff's lack of standing, the UCL claim fails for the alternative reason that it is purely equitable in nature and Plaintiff has not alleged facts showing he lacks an adequate remedy at law.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844

Gibson, Dunn &
Crutcher LLP

(9th Cir. 2020); *see also Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) ("The equitable remedies available under the [UCL] are 'subject to fundamental equitable principles, including inadequacy of the legal remedy.'" (citations omitted)). There is no pleaded reason why money damages would be insufficient to remedy the alleged harm; in fact, all Plaintiff's allegations are premised on the assertion that he should be given monetary damages to compensate his loss of income, future earnings, and emotional and physical distress.  Am. Compl. ¶¶ 59–60, 67–68, 78–79; *Gomez v. Jelly Belly Candy Co.*, 2017 WL 8941167, at *1 (C.D. Cal. Aug. 18, 2017) (dismissing with prejudice equitable claims under UCL because "courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole").  Having suggested that damages would, in fact, be adequate to redress his claimed harms, Plaintiff hasn't plausibly alleged he's entitled to equitable relief.

### 2. *Plaintiff Does Not Plead Fraud with Particularity*

To the extent his UCL claim is based on a fraud theory, it fails for the separate reason that it fails to allege any fraud.  As noted, Plaintiff's theory of "fraud" appears to be that Amazon supposedly seeks out people with disabilities to obtain "recognition" and "tax benefits."  Am. Compl. ¶¶ 16–18, 36–41.  As "support," he excerpts two screenshots from Amazon's website that describe Amazon as a place where individuals with disabilities are welcome.  *Id.* ¶¶ 16–17.  Notably, he does not plead that he ever saw or relied on those webpages.  And, as discussed above, he has no factual basis to allege that those statements are false.  He then points to a complaint filed by the New York State Division of Human Rights and a report issued by an advocacy group as supposed "evidence" of Amazon's widespread fraud.  *Id.* ¶¶ 39–41.  The existence of a complaint or a speculative report from an advocacy group does not qualify as a well-pleaded fact sufficient to state a fraud-based UCL claim.  *See Hash v. Cate*, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012) ("[S]tatements in a complaint are just allegations. . . .").  In any event, Plaintiff's implausible conspiracy theories about Amazon hiring employees with

disabilities "in order to obtain promotion and recognition . . . government funding and/or tax incentives" are not only patently false, but woefully insufficient to state a claim for fraudulent business practices.  Am. Compl. ¶¶ 36–41.  These contentions do not come anywhere near satisfying Rule 8's standards, much less Rule 9(b)'s.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  This claim should therefore be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Amazon requests that this Court dismiss Plaintiff's Amended Complaint.  Because Plaintiff failed to cure the deficiencies outlined in Amazon's first Motion to Dismiss, Dkt. 18, Amazon respectfully asks this Court to dismiss, if deemed proper, with prejudice.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Dated:   July 24, 2024

                                         LAUREN M. BLAS
                                         MEGAN COONEY
                                         GIBSON, DUNN & CRUTCHER LLP

                                         By:   */s/ Lauren M. Blas*
                                                   Lauren M. Blas

                                           Attorneys for Defendant
                                         AMAZON.COM SERVICES LLC

Gibson, Dunn &
Crutcher LLP

## <u>LOCAL RULE 11-6.1 CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Amazon.com Services LLC, certifies that this brief contains 6,964 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 24, 2024

LAUREN M. BLAS
MEGAN COONEY
GIBSON, DUNN & CRUTCHER LLP


By:   */s/ Lauren M. Blas*
              Lauren M. Blas

Attorneys for Defendant
AMAZON.COM SERVICES LLC