1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| JOSE GAVINA, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES LLC and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 5:24-CV-00674-HDV-SHK<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT AMAZON.COM SERVICES LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Hearing Date: September 5, 2024<br>Hearing Time: 10:00 a.m.<br>Hearing Place: Courtroom 5B<br>Judge: Hon. Hernán D. Vera |

1

On July 24, 2024, Defendant Amazon.com Services LLC ("Amazon") moved to dismiss Plaintiff Jose Gavina's ("Plaintiff") Amended Complaint. Having reviewed the parties' briefing and arguments from counsel, the Court hereby GRANTS Amazon's motion to dismiss.

Plaintiff raises multiple claims under California's Fair Employment and Housing Act (FEHA) and Unfair Competition Law (UCL). Plaintiff's claims are subject to multiple deficiencies.

First, his claim for failure to accommodate under FEHA must be dismissed. Plaintiff fails to plead that he was "qualified" for *any* open position at Amazon. *See Sanchez v. Elevance Health Cos., Inc.*, 2023 WL 8235238, at *4 (C.D. Cal. Nov. 27, 2023) (holding that "barebones allegation[s]" regarding an employee's ability to perform one's job functions are insufficient to establish a plaintiff is a "qualified individual under FEHA"). Nor does Plaintiff plead facts sufficient to show that Amazon did not reasonably accommodate his disability. He identifies three moments at which a failure to accommodate allegedly occurred. The first was during hiring. But an employer is not required to divine a prospective employee's desire for an unrequested accommodation. *See Issaian v. J.B. Hunt Transp. Servs., Inc.*, 2021 WL 2450784, at *6 (C.D. Cal. May 14, 2021). Thus, Plaintiff has not plausibly alleged that Amazon was required to place him in a preferred office position as of his hiring date. The second moment was when Amazon allegedly placed Plaintiff on disability leave rather than immediately transferring him from a warehouse to an office position. A temporary medical leave of absence is an appropriate accommodation when the employee is expected to return to a position for which they are a qualified individual. *See Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 226–27 (1999). And the third moment was when Amazon allegedly failed to investigate other potential positions for Plaintiff. Plaintiff's own allegations contradict this claim, as he acknowledges that Amazon's "Accommodations Consultant" asked him to update his resume—a request he does not allege he followed—so that she might send it to other Amazon sites with available

positions. Plaintiff's failure-to-accommodate allegations are insufficiently pled and do not state a claim for relief.

Second, Plaintiff's claim for failure to engage in the interactive process under FEHA fails for similar reasons. As stated above, Plaintiff does not plead that he was a "qualified individual" for any available position at Amazon. *See Sanchez*, 2023 WL 8235238, at *4. Plaintiff *does* plead that Amazon engaged with him several times regarding both his medical limitations and his suitability for available open positions. Therefore, he cannot claim that Amazon failed to engage in the interactive process. *See Buckingham v. United States*, 998 F.2d 735, 740 (9th Cir. 1993).

Third, Plaintiff's allegations regarding his departure from Amazon do not establish the requisite causation for a disability discrimination claim under FEHA. *See Hatfield v. DaVita Healthcare Partners, Inc.*, 2015 WL 106632, at *2 (N.D. Cal. Jan. 7, 2015) ("Without facts to support the conclusion that [a d]efendant terminated [a plaintiff's] employment *because of* [his] disability, [the plaintiff's] claim must fail." (emphasis original)).

Finally, Plaintiff's UCL claims must be dismissed because as a former employee, with no pleaded intent to return to Amazon, he has no standing to pursue injunctive relief. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) ("[A] former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief.").

The Court concludes that amendment in this instance would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). For the reasons outlined above, Amazon's motion to dismiss is GRANTED with prejudice.

It is **SO ORDERED**

Dated: _____, 2024

_____
Hon. Hernán D. Vera
United States District Judge
